*Wales, Rogers, W. H. Rogers* and *C. Ingersoll,* for plaintiff.
*J. A. Bayard* and *St. G. Campbell,* for defendants.

—►>>>◐◉◐‹‹◄—

PORTER and Wife, use of WILLIAM HERDMAN, use of JACOB P. HERDMAN *vs.* JOHN L. MORRIS' Executors.

The court will for many purposes notice a *use* indorsed upon a judgment; but
The defendant in a judgment, cannot in a *court of law* plead *a set-off* due from a *cestui que use*, to a scire facias on the judgment.
Yet such cestui que use, or equitable plaintiff, is the proper person to make a *probate.*

SCIRE facias on a judgment. Pleas. Replication. Demurrer.
The judgment on which this scire facias issued was entered 4th May, 1833, at the suit of *Susanna Poulson* (now the wife of Porter,) against Doct. *John L. Morris.* On the 10th Sept. 1833, this judgment was indorsed on the record for the use of *William Herdman,* and by him indorsed 1st May, 1837, for the use of *Jacob P. Herdman.* A scire facias was issued on this judgment in the name of Susanna Poulson *vs.* Doct. John L. Morris to the November term, 1835, to which Doct. Morris appeared, and at the May term, 1836, confessed judgment, stay of execution for three months, payments and *discounts* to be allowed if made appear to the prothonotary within that time. A *second* scire facias issued in the name of Porter and wife. late Susanna Poulson, for the use of William Herdman, use of Jacob P. Herdman *vs.* John L. Morris' executors, returnable to the November term, 1837, to which the defendants pleaded a *set-off* of $912 14, due on book account from *William Herdman* to Doct. John L. Morris, before the assignment from William to Jacob Herdman, the present cestui que use. The plaintiff replied the scire facias and judgment at the suit of Susanna Poulson, for the use of William Herdman *vs.* Doct. Morris, to which he might and ought to have

pleaded this *set-off*, as against William Herdman.   To this there was a demurrer.

For the demurrant it was argued that the judgment on the first scire facias was a mere judgment, reviving the former judgment; and a set-off, if not pleaded to that, was not precluded from being pleaded to the second scire facias.   And although a payment made before the judgment on the first scire facias *must* be pleaded, an account stands on different grounds.   The party may set-off the account or not, as he pleases ; he may bring an action on it if he please; but a payment cannot be the subject of an action, and must be pleaded.   That the defendant here had no obligation to reply the account as a set-off, and had the right to set it off to this second scire facias.

*W. H. Rogers* and *Gray* contra, argued that the attempt was to set-off a long medical account of Doct. Morris against Wm. Herdman, which was barred on its face by the act of limitation; and an account which Doct. Morris never set up against him.   That the confession of judgment on the first scire facias by Doct. Morris subject to payments and discounts, if made appear within three months, concluded him as to all matters that he might have pleaded to the first scire facias.   He had a time to make his payments and discounts appear; that time has passed.

The principle as stated in the books is a general principle, and not confined to a mere payment, but extends to any defence.   It is that the defendant is estopped from making any defence after scire facias, inconsistent with the judgment on that scire facias.   Now by the confession of Doct. Morris he has admitted this debt to be due ; and it is not competent for his administrators now to controvert it. 1 *Harr. Rep.* 139, *Worknot* vs. *Millen.*   In the first scire facias judgment was confessed by the defendant in his lifetime, with liberty to show any payments or discounts.   This was equivalent to a plea of set-off.   The present defence was, therefore, taken in the first scire facias, and the opportunity afforded of making it available ; and the failure to do so brings the case directly within Worknot and Millen.

By precluding this defence here, the defendant is left to his remedy on his account, and he may bring his suit, which will then be subject to all proper defences; but by permitting him to bring it in here by way of plea to this scire facias, we are precluded from any but one replication; as by the rules of pleading (now changed in England,) you can make but a single replication to each plea.   We could reply here only the statute of limitation to this plea, though we might have other defences.

*J. A. Bayard* in reply.   The question is simply whether a party is bound to plead a set-off to a scire facias on the judgment, as if it

were a payment; or whether he may not confess judgment for the full amount of the judgment on which the scire facias was issued, and retain his right of action on his own demand, or set it up to any subsequent scire facias. I agree that if this defence was set up it is conclusive; but the record here does not show that such is the case.

As to the form of entering the judgment on the first scire facias, it has never been considered that if the party did not bring forward his discounts he would therefore ever afterwards be precluded from recovering on any of his claims.

The right to set-off is a right *given* by statute, not existing at common law.

*By the Court.*

J. M. CLAYTON, *Chief Justice :*—Looking into the body of this writ of scire facias, we find that Porter and wife are plaintiffs, and that execution is by them demanded against the executors of John L. Morris. The name of Herdman is no where mentioned in the writ. He is not the legal plaintiff, nor does he ask the execution. But he is the man *for whose use* the writ issued, and being really entitled to the avails of the execution, is commonly and properly enough called the equitable plaintiff or party who, in equity, is entitled to the judgment. We do not know him on what is sometimes called the *law side* of the court. Here is a demurrer to a plea of set-off, and that plea avers that *Herdman* was indebted to the defendant. Had the plea alledged a set off against Porter and wife, who are the legal plaintiffs, we should have had another case to consider. In that case, parties who are recognized in a court of *law* as plaintiff and defendant, would have been arrayed before us. But in a court of law, we cannot recognize any one as plaintiff, who does not appear to be such by the body of the writ of scire facias. Herdman's name here appears only on the back of the writ, as a cestui que use. A plea of payment, setting forth a payment to *Herdman* and not to Porter and wife, could not be pleaded in this case. In such a case, the defendant having honestly paid the debt to the *cestui que use*, is not without remedy here, if he seek it rightly. He may apply to the equity side of the court, by motion for a rule to stay proceedings on the judgment until the payment be allowed. The court in such cases, has always stayed the proceedings, where it appeared satisfactorily that the payment had been made to the cestui que use or equitable plaintiff, and a plea of payment to the legal plaintiff may be sustained by evidence of a payment to his order. We have adopted a convenient mode of effecting justice, by sending issues to a jury without driving the parties into chancery, and do not intend to abandon the ancient course of the court at all, when we say that where the set-off is against one

who is merely entitled to the *beneficial* interest in the judgment, but who has no right to be considered as a *legal* party, we must overrule this special plea, strictly on the law side of the court. Were the application made to our equitable discretion, to stay proceedings on *proof* of the set-off alleged, it might be a very different matter.

There are some cases, where by express statutory provisions, a *cestui que use* or party entitled to the beneficial interest in a suit, is a legal plaintiff, as in suits on public bonds and recognizances, where the state is the nominal plaintiff. The act of 24th January, 1811, (*Digest,* 43-4,) enables assignees, who are legally such under its provisions, to sue in their own names, and all these are legal plaintiffs, against whom a plea of payment or set-off in a proper case, or any other legal defence would be available in a court of law. But Herdman is not such an assignee. Were we to allow this plea, we might next expect that in an action on a book account brought for the use of a third person, such person should also be treated throughout the pleadings as a legal plaintiff, and the declaration itself be filed in his name.

This question, (if it can be called one,) was decided by the High Court of Errors and Appeals of this state, the late chancellor Ridgely presiding, on a writ of error to the court of Common Pleas, at the adjourned November term of the court of errors, in 1824. The Commercial Bank of Delaware had entered judgment for a large debt against Jacob Biddle, Philip D. Fiddeman, Nimrod Morris and Reuben Anderson. Biddle, the principal debtor became insolvent, Anderson died, and the bank collected the debt from the two sureties, Fiddeman and Morris. The judgment was then marked *for the use* of Fiddeman and Morris, and at their instance, a scire facias was brought on it against Charles Polk, administrator of Reuben Anderson, the other surety, to recover his aliquot part of the debt. The defendant pleaded payment, and showed that the legal plaintiff (the bank) had been paid by the equitable plaintiff's themselves, and therefore insisted, that as no legal assignment had been made to them according to the act of assembly, there could be no recovery. The court of errors sustained this position, and the equitable plaintiffs having failed in this suit, afterwards filed a regular assignment under the act in their favor, brought a new scire facias in which they were legal plaintiffs and recovered.

The act about defalcation (*Digest,* 111,) authorizes "a defendant in his plea and answer to the *plaintiff's declaration,* to acknowledge the debt which the *plaintiff* demands of him, and defalk what the *plaintiff* is indebted to him." The writ of *scire facias* here is the de-

claration, and Herdman (the cestui que use) though the party holding the judgment, is not treated as plaintiff in any part of the writ.

This case came on again at the next term for trial on other pleas, when the defendants' counsel objected to the *probate* which was made by William Herdman, and also by Jacob P. Herdman, the cestuis que use, but not by Porter and wife; and it was insisted that the decision on the question of set-off covered this point, and made a probate by the legal party necessary.

HARRINGTON, *Judge :*—The distinction is obvious. The "act about defalcation" (*Dig.* 111,) authorizes the *defendant* in his plea or answer to the *plaintiff's declaration* " to defalk what the *plaintiff* is indebted to him the said *defendant ;*" thus authorizing a set-off between the parties plaintiff and defendant on the record, but not extending it to others who may be *equitably* or beneficially interested in the matter. Under this statute therefore, the court might refuse to allow a defendant to *set-off* a debt due from a person standing merely as an assignee of the equitable interest, and not being a legal party plaintiff on the record.

But the act requiring probates (*Dig.* 226,) directs the "*person holding* the debt" to make the affidavit; and in case of assignment after the debtor's death, it requires affidavit to be made by the person " who held the debt at the death as well as by the assignee," designing to extend it to the person who is entitled to receive the money, though such person may not be a legal assignee. And a cestui que use is clearly such a person. The use is authorized by the 34th rule of court to be indorsed on the record of a suit or judgment, and takes effect from the time of indorsement; after the use marked on the record, the cestui que use would be entitled to enter satisfaction of the judgment; and a payment to the nominal plaintiff afterwards, would not be good as against the cestui que use. For these purposes the court recognize the cestui que use as the person entitled to, or *holder* of the debt, and who of course ought to make the probate.

If there was any doubt whether his affidavit would be sufficient without that also of the assignor, such doubt would in this particular case be removed, by the fact that a judgment has already been recovered on a former scire facias, at suit of the first assignee, Wm. Herdman.

Judgment for plaintiff.

*Gray* and *W. H. Rogers,* for plaintiff.
*J. A. Bayard,* for defendants.